UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SAMUEL CULOTTA #199539 | CIVIL ACTION NO. 22-cv-897 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BLAKE HINES | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Samuel Culotta ("Plaintiff"), a self-represented inmate, filed this excessive force civil rights action against Bossier Parish Deputy Blake Hines. Before the court is Hines' Motion for Summary Judgment (Doc. 28) based on a defense that Plaintiff did not exhaust his available administrative remedies prior to filing suit. Plaintiff responded with undisputed evidence that he was denied writing materials that would have allowed him to submit a grievance. For the reasons that follow, it is recommended that the Motion for Summary Judgment be denied.

**Analysis**

Plaintiff alleged in his complaint that Deputy Hines witnessed Plaintiff and another inmate fight in a cell on March 29, 2021. The fight allegedly stopped, the inmates separated by several feet, a deputy opened the cell door, and the other inmate was told to step outside. After the inmate complied, Deputy Hines allegedly entered the cell and pepper-sprayed Plaintiff without warning or justification. Plaintiff admitted in his complaint that he did

not file an administrative grievance based on these facts, but he explained: "I asked for one but they did not give me one to file."

Defendant argues that Plaintiff's complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on a provision in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute is interpreted broadly and applies to actions that allege the use of excessive force or denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The burden of proof is relevant to resolving the motion for summary judgment. "Since exhaustion is an affirmative defense, the burden is on [Defendant] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). The defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Id.

Defendant submits a jail property issue report that shows that Plaintiff was issued a uniform, blanket, toothbrush, and other items when he entered Bossier Max in May 2020. Among the items on the list was "Rulebook on Tablet," but Plaintiff refused to sign the receipt. A deputy noted Plaintiff's refusal and signed the form. Doc. 28, Exhibit B. Warden Linton Jacobs provides an affidavit (Exhibit C) in which he testifies that Plaintiff was provided a copy of the Inmate Handbook upon being booked, as all inmates are

provided at booking, and he was provided 24-hour electronic access to all rules and regulations and an electronic copy of the Inmate Handbook. The information was available at two stationary kiosks in each dorm and on approximately 12 tablets available in each dorm. He states that Plaintiff failed to fully exhaust the available administrative remedies.

Defendant also submits a copy of the Inmate Handbook (Exhibit A), which explains the grievance process. The two-step process applies to all actions pertaining to conditions of confinement, personal injuries, and the like. The grievance must be initiated within 90 days after an incident by sending a written request to the warden. The handbook states that such a letter can be: "(1) Any form of written communication which contains this phrase: 'this is a request for administrative remedy' or (2) Form ARP-1 at those institutions that wish to furnish forms for commencement of this process." The handbook states that no request for administrative remedy shall be denied acceptance because it is or is not on a form. The policy suggests that the letter be brief but present as many facts as possible to answer questions such as who, what, when, where, and how concerning the incident. If an inmate is dissatisfied with the first step response, he may appeal by indicating his desire to appeal in a space provided on the response form and forwarding it to the ARP screening officer within five days of receipt of the decision. If the inmate is not satisfied with the second step response, he may file suit.

When Defendant filed his motion for summary judgment, the clerk of court issued a notice of motion setting (Doc. 29) that allowed Plaintiff 14 days from July 11, 2023 (July 25, 2023) to file any opposition to the motion. Defendant argues that Plaintiff's opposition, filed on July 26, 2023, was untimely. Plaintiff is incarcerated in a state prison, so he is

entitled to the mailbox rule that deemed his opposition filed when he tendered it to prison officials for mailing. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). His opposition is signed on July 21, 2023, bears a certificate of service of mailing on that same date, and the postage meter stamp from David Wade Correctional Center bears that same July 21 date. Plaintiff's opposition was timely.

Plaintiff's response includes a declaration made under penalty or perjury in accordance with 28 U.S.C. § 1746, which is competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003); Cooper v. Fisher, 676 Fed. Appx. 355, 357 (5th Cir. 2017). Plaintiff states that he was transferred to lockdown after the fight and "requested to be provided with the standard issue Administrative Remedy Procedure Form ARP-1 from every officer on every shift, but was not provided with this form nor was plaintiff, when he asked, provided with any form of legal writing materials to have been available to submit an A.R.P." Plaintiff stated that he "ultimately" filed this suit and informed the court of not being provided with proper forms to file for an administrative remedy.

"If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." Aceves v. Swanson, 75 Fed. Appx. 295 (5th Cir. 2003) (reversing dismissal of prisoner's complaint when he alleged that he could not obtain forms while in segregation). In Russell v. Carillo, 2016 WL 11572505, *8 (S.D. Tex. 2016), summary judgment for the defendants was denied when the inmate testified that he was held in segregation, asked each guard

Page 4 of 7

who opened the door to his cell for a paper and pen to file a grievance, and was denied the items by each one.

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." Dillon, 596 F.3d at 266. "Similarly, while it is a question of law whether administrative remedies qualify as being "available" under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact." Id. "[F]actual disputes concerning exhaustion may be resolved by judges" if the procedural protections of Rule 56 are afforded. Id. at 271-72.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and if a party demonstrates it is "entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "In evaluating a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021). When the summary judgment evidence is viewed in the light most favorable to Plaintiff, there is a genuine dispute of material fact as to whether the administrative grievance process set forth in the Inmate Handbook was actually available to Plaintiff at the relevant time. Plaintiff has competent evidence that he was denied access to writing materials during the time for filing a grievance.

Defendant filed a reply and argued that Plaintiff's ability to file this suit and other pleadings in this case undermined his claim that he lacked writing materials. Plaintiff did not file this complaint until almost a year after the incident. He had to file an administrative grievance within 90 days after the incident, and there is no evidence in the record that Plaintiff had access to appropriate materials at the relevant time. There have been cases

where such inmate claims were undone when defense counsel was able to produce grievances and other writings generated by the inmate during the period in which he claimed he was without writing materials and could have filed a timely grievance. See, e.g., Putnam v. Traylor, 633 Fed. Appx. 600, 601 (5th Cir. 2016) (the issue was "put to rest by evidence in the record that Putnam did indeed obtain grievance forms that he used for a different purpose"); Dickens v. Taylor, 655 Fed. Appx. 941 (3rd Cir. 2016) (affirming summary judgment where defendant produced evidence that the prisoner used pen and paper to complete forms, mail, and motions while in lockdown); and St. John v. Director BOP, 2022 WL 4396974 (E.D. Tex. 2022) (prisoner's claims that filing materials and the grievance procedure itself were unavailable due to Covid were undermined by the defendants' affirmative evidence to the contrary). In this case, there is no affirmative evidence that Plaintiff completed any writings, or had the means to do so, within the 90-day window for filing a timely grievance. Based on this record, summary judgment based on the exhaustion defense should be denied.

Accordingly,

It is recommended that Blake Hines' Motion for Summary Judgment (Doc. 28) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of August, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge